UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE C. SMITH, SR.,<br><br>             Plaintiff,<br><br>       v.<br><br>CVETICH ILIJA,<br><br>             Defendant. | No. 2:19-cv-02506 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, the court must consider the presence or absence of jurisdiction; jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of

1

Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.  The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.

      A.  The Complaint

Plaintiff brings suit against Ilija Cvetich, attorney at law.  ECF No. 1 at 2.  Plaintiff alleges that defendant breached a contract for a loan of money.  Id. at 5.  No other claim is alleged.  Plaintiff and defendant are both residents of California.  Id. at 1, 4.  On the form complaint, plaintiff checks the "federal question" box as a basis for federal jurisdiction.  Id. at 3.

      B.  Analysis

This complaint must be dismissed without leave to amend because there is no basis for federal jurisdiction.  "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively."  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (Aug. 5, 2019).  Here, plaintiff asserts jurisdiction based on a federal question.  ECF No. 1 at 3.  District courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  In this case, the complaint does not identify any federal

laws or constitutional violations. The factual allegations support only a breach of contract claim. There is therefore no basis for federal question jurisdiction.

Nor is there a basis for diversity jurisdiction. Plaintiff alleges that plaintiff a citizen of the state of California. ECF No. 1 at 1. Defendant is also alleged to be a citizen of California. Id. at 4. Because both parties are citizens of the same state, diversity cannot be the basis for federal jurisdiction. Because the court does not have jurisdiction over this case and this defect cannot be cured, the complaint must be dismissed without leave to amend.

## II. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED without leave to amend because this court lacks jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE